FILED IN UNITED STATES DISTRICT
COURT, DISTRICT OF UTAH

FEB 18 2011

D. MARK JONES, CLERK
BY
DEPUTY CLERK

**ANITA RIGGS,** *PRO SE*
1122 E 380 N
LINDON, UT 84042
PH: (801) 701-0387

Document Review Services
James Driessen, 9473
Driessen Law, 305 N 1130 E, Lindon UT 84042

# UNITED STATES DISTRICT COURT

District of Utah, Central Division

| | |
|---|---|
| Anita Riggs<br>1122 E 380 N<br>Lindon, UT 84042<br>Ph: (801) 701-0387<br>Salt Lake City, UT 84123    Plaintiff<br><br>V.<br><br>American Leadership Academy Inc<br>898 W 1100 S, Spanish Fork UT 84660<br><br>(Registered Agent)<br>Eric Hogenson<br>898 West 1100 South<br>Spanish Fork, UT 84660    Defendant<br><br>State of Utah<br>Utah State Office of Education<br>Utah State Charter School Board<br>250 E 500 S, P O Box 144200,<br>Salt Lake City UT 84114 | **COMPLAINT**<br><br>Case: 2:11cv00188<br>Assigned To : Waddoups, Clark<br>Assign. Date : 2/18/2011<br>Description: Riggs v. American<br>Leadership Academy et al<br><br><br><br><br>CASE NUMBER:<br><br>JUDGE |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964, as amended, and the

Utah Antidiscrimination Act of 1965, as amended, to correct unlawful employment practices on

the basis of race and gender, and to make whole Anita Riggs ("Ms. Riggs").

Defendant American Leadership Academy, a Utah Public Charter School (hereafter

"ALA" or "Defendant") terminated Plaintiff ("Ms. Riggs") because of her race and because of

her gender based on the fact that she would not behave submissively as her supervisors and

directors, bent on subterfuge, wanted her to behave. They chose to single her out and blame the

1

"Hispanic" woman for errors for which they were solely responsible. When Defendant found out that they could blame the "Hispanic" woman, Defendant effectively fired Ms. Riggs by not renewing her contract, and using her race and gender as the only factors for singling her out.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337 and 1343. This action is authorized and instituted pursuant to §§ 703, 704, 707 of Title VII of the Civil Rights Act of 1964, as amended; 29 U.S.C. §§ 621-29, 634; the Civil Rights Act of 1991, Equal Pay Act of 1963 (EPA), 42 U.S.C. § 1981a; and 42 U.S.C. § 2000e-5(f)(1).

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of Utah.

## PARTIES

3. Plaintiff, the aggrieved party, is expressly authorized to bring this action by § 706(f)(1) of Title VII, 42 U.S.C. § 2000e-5(f)(1).

4. American Leadership Academy, a Utah Public Charter School, formed under Utah Charter Schools Act, Code Section 53A-1a-501, et. seq., and at all relevant times to this action, has continuously been a Utah corporation doing business in the State of Utah and has continuously had at least 15 employees.

5. The State of Utah, Utah State Office of Education, acting through its State Charter School Board, is legislatively mandated under 53A-1a-501.6 to oversee compliance with federal and state laws, rules, and regulations.

6. At all relevant times to this action, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of §§ 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

7. More than thirty days prior to the institution of this lawsuit, Ms. Riggs filed a charge with the Commission alleging violations of Title VII by Defendants. All conditions precedent to the institution of this lawsuit have been fulfilled.

8. A copy of Ms. Riggs request and "right to sue" letter have been sent to Defendant ALA ; to the Utah State Capitol Office, Office of the Attorney General. Utah State Capitol Complex, 350 North State Street Suite 230, SLC UT 84114-2320; and to the Utah Antidiscrimination and Labor Div., Employment Discrimination, 160 East 300 South, 3rd Floor, P O Box 146630, Salt Lake City, UT 84114-6630.

9. Since at least May 1, 2008, Defendant has engaged in unlawful employment practices at its ALA school, by terminating Ms. Riggs because of her race and gender, in violation of § 703(a) of Title VII, 42 U.S.C. § 2000e-2(a). Specifically, Ms. Riggs was hired by ALA in August of 2006. After being employed at other Utah Public School Districts, ALA sought to bring Ms. Riggs on as a physical education teacher and basketball coach.

10. Ms. Riggs had worked as a Teacher/Coach and special education teacher during her employment and was subjected to sexual harassment by one of the Coaches who made sexual advances toward her. She objected and reported the problem to her superiors.

11. Ms. Riggs was also asked to house foreign student athletes in her home which was not only inappropriate but against Utah High School Athletic Association (UHSAA) rules.

12. Ms. Riggs continually warned her employer that they had not adequately addressed the sexual harassment and that such housing, as described in 11 above, was not allowed. In addition to that, she complained of discriminatory practices in the hiring of minorities into coaching and sports administrative positions specifically for the purpose of recruiting student athletes from Mexico and other countries into the athletic program at the school.

13. Through information and belief, Ms. Riggs herein alleges that the purpose for hiring a woman and minority as coach or athletic director was to pressure and manipulate the women or minorities to not complain or report the discriminatory recruiting of athletes. When Ms. Riggs pointed out that this process was in violation of UHSAA rules she was told to let it all go or she would lose her job. She was instructed that people of her position were not to "make waves" and that if she would not submit, that it would only "cause trouble" for her.

14. After Ms. Riggs reporting of these rule violations, she was retaliated against and ostracized in the workplace where vicious racial rumors about her were spread by the ALA Directors, board members, and staff, to teachers, students and parents.

15. Ms. Riggs was then demoted from her coaching position and her contract for the 2008-2009 school year was not renewed.

16. During this whole process Ms. Riggs communicated with ALA Directors and School Board her desire to continue in her teaching position with the school even though none of her complaints were resolved.

17. ALA reported that an investigation was launched but ALA investigators never asked for any input from Ms. Riggs and instead simply demanded her compliance with investigators demands. Other people involved in the incidents participated in the investigation.

18. It is a prevalent belief and culture among the white workforce and supervisors at the ALA, that women, or those of the African, Hispanic, or other non-white races are more easily manipulated into ignoring State rules and policies concerning athletes. Many of the women supervisors or management at ALA who are culpable for discrimination against Ms. Riggs are merely acting out this belief and culture by submitting the Director's demands.

    a. In a similar fashion to which minority (construction or agrarian farm workers) are often hired in this country to perform manual labor (while lacking the safety equipment needed that other more culturally educated white persons might actually object to) ALA chose to hire women, Hispanic, or African minorities who could be pressured into over looking State rules for high school athletes. ALA at no time behaved in a way to suggest women and minorities could actually receive equal respect or status with white males.

19. Through information and belief, Directors and School Board members at ALA, and Ms. Riggs's coworkers, despite evidence to the contrary substantiated by the constant instruction to keep quiet and just ignore USHAA violations, punctuated by Ms. Riggs continual diminishing level or responsibilities, exposed ALA's prevalent beliefs and culture, and let Ms. Riggs know that ALA would only accept a Hispanic woman as a token "affirmative action" employee – that they had to tolerate as long as she did not ever correct anyone or attempt to tell anyone what to do.

20. Through information and belief, it was when Ms. Riggs tried to explain the USHAA and other violations and mistakes to the ALA School Board, including her own Director, that those alleged interpersonal difficulties became too much to handle for those who believed Ms. Riggs was only a token Hispanic woman, and they knew that they would have to have her terminated, lest a Hispanic Woman could be correcting them or telling them what to do.

21. Ms. Riggs, who is an experienced coach and teacher with masters degrees in her field, was not given due respect for her skills or training while at ALA only because of her race and gender.

22. Similarly situated non-minority ALA employees (at least one) who reported equally serious policy compliance or rule violations to ALA management received praise and/or promotions for bringing such information of compliance to the attention of their superiors.

23. The effect of the practices complained of have been to deprive Ms. Riggs of equal employment opportunities and otherwise adversely affected her status as an employee because of race and gender.

24. The unlawful employment practices complained of in paragraphs 7-23 above were intentional.

25. The unlawful employment practices and retaliation complained of in paragraphs 7-24 above were done with malice or with reckless indifference to the federally protected rights of Ms. Riggs.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice that discriminates on the basis of race or gender.

B. Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for women and people of color, and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant to make whole Ms. Riggs by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to reinstatement of Ms. Riggs.

D. Order Defendant to make whole Ms. Riggs by providing compensation for non-pecuniary losses, including emotional pain, suffering, inconvenience, loss of enjoyment of life and humiliation, in amounts to be determined at trial.

E. Order Defendant to pay Ms. Riggs punitive damages for its malicious and/or reckless conduct, in amounts to be determined at trial.

F. Grant such further relief as the Court deems necessary and proper.

## JURY TRIAL DEMANDED

Plaintiff requests a jury trial on all questions of fact raised by this Complaint.

RESPECTFULLY SUBMITTED this  18th  day of  February , 2011

BY: _____Anita Riggs_____
      Anita Riggs, Plaintiff, Pro Se